## DETACHMENT OF FARM LANDS FROM MUNICIPALITY.

### Common Pleas Court of Lorain County.

#### D. K. SMETZER ET AL V. CITY OF ELYRIA ET AL.

##### Decided, 1912.

*Municipal Corporations—Interests of, Superior to Those of Owner of Unplanted Farm Lands Within Municipal Limits—Taxation of Such Lands in Excess of Benefits.*

A petition asking that unplatted farm lands be detached from the municipality within which they are located, on the ground that they are taxed in excess of benefits conferred, will not be granted where it appears that the city is growing rapidly in the direction of these lands, and that they are suitable for building lots, and that the interests of the municipality as distinguished from those of the land owner will be best served by their retention as part of the territory comprising the municipality.

*F. A. Stetson,* for plaintiffs.
*G. B. Findley,* contra.

STROUP, J.

The petitioners in this proceeding are asking to have their lands detached from the municipality of the city of Elyria, setting forth in their petition that their lands are unplatted farm lands, that they are now taxed in substantial excess of the benefits conferred, that said lands may be detached without materially affecting the best interests or good government of such municipality.

The statute under which the detachment is sought is General Code, 3579, and it provides that under certain conditions an order or decree may be made by the court, in its discretion.

This case has given the court considerable trouble in arriving at a proper and just decision. It will be noticed that the statute says that such detachment may be made where it does not materially affect the best interests of such municipality. In view of the wording of the statute it is plain that then the court should not only look to the interests of the applicants who

are seeking detachment, but it should bear in mind that the best interests of the municipality are as well at stake.

As the lands are now used it does appear to the court that they are taxed beyond the benefits which can at present be derived from any improvements which the city has made. The principle of taxation proceeds upon the theory that the property taxed is to be benefited in substantial proportion to the burden imposed, but I may say in this regard that I do not wish this decision to have any effect in proceedings which may be brought or which are now pending involving this question as to these or other lands. The remedy for over-taxation is in another proceeding than this.

It is well known to the court that the city of Elyria is now in the process of a great development, that the lands in question are situated in the direction in which the greatest development and growth is being made. If these lands were to be detached, then other lands bordering upon the north and west of the city could with equal justice be detached. So, then, we can see that a detachment of any of the lands mentioned in this proceeding is of far-reaching importance to the substantial interests of the city of Elyria. It is not beyond a reasonable reach of the imagination to say that if an electric railroad were projected in the eastern part of the city as contemplated these lands in question would immediately become available for building purposes, and certainly no owner of land is going to continue to use his land for agricultural purposes when the same would be much more valuable for other purposes.

Lands north of some of the lands in question, located between Broad street and the tracks of the Lake Shore & Michigan Southern Railway, have within just a short time been annexed to the city of Elyria. It seems to me that I have a right to say now that the city should consider annexation of contiguous lands instead of a detachment of lands located within the limits of the city. If the court were to detach these lands the city would have a right, if it deemed it for the best interests of the municipality, to attach the very property which the court had detached. Some of the lands in question have been purchased recently, and prob-

ably the owners are now the possessors of the particular lands in question because they are within the limits of the city, or for the reason that they are located in close proximity to the business part of the city, both of which elements enter into their value.

While it is true that the lands owned by the petitioners are used exclusively for agricultural purposes, still it can not be denied that the real value of such lands is affected materially by the fact that they are situated in their present location. The court should take a broader view in deciding this case than merely looking to the immediate interests of the owners of the land. Above and beyond this should be considered the best interests of the city of which they are now a part. These land owners have a community of interest with the city and a corresponding reciprocity of duty. It is well claimed by the city that the construction of the expensive sewer improvements, especially in this locality, were made with a view to taking care of the sewage from the lands of the plaintiffs, and probably the sole object of instituting these proceedings was to rid the owners of the burden of taxation in reference to this particular improvement.

It becomes necessary for the court in the rendering of the decision in this case to establish a policy in reference to detaching property, especially as it applies to the city of Elyria. It might be well for the city to consider that so long as lands are taxed they should have the benefit of something more than their mere proximity to the business center of the city. However, it is not my purpose to dictate to the city officers, but offer this as a suggestion worthy of their consideration.

I was at first inclined to the view that I should look merely to the interests of the land owners, but upon fully considering the matter and appreciating the far-reaching effect of the decision, as well as the substantial interests of the community, I feel it is my duty to refuse a detachment of the lands described in the petition in this case, and if the parties feel that they are aggrieved by excessive taxation they are at liberty to pursue the remedy provided by law.

A decree may be entered in this case dismissing the petition at the costs of plaintiff.